IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERAX COMMODITIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-409-L |
| | § | |
| BLACKHIVE CORPORATION, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER SETTING BRIEFING SCHEDULE**

United States District Judge Sam A. Lindsay referred Defendant Blackhive Corporation, Inc.'s Motion to Dismiss and Brief in Support [Dkt. No. 2] (the "Motion") to the undersigned United States magistrate judge for findings, conclusions, and recommendations under 28 U.S.C. § 636(b), *see* Dkt. No. 6.

But first, the undersigned must consider the Court's power to rule on the Motion, filed in a lawsuit that Blackhive removed under the Court's diversity subject matter jurisdiction. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *accord* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Blackhive's allegations in support of the Court's power to hear this case include

that,

> [i]n Plaintiff's Petition, it asserts that "Verax is a Delaware limited liability company that is headquartered in Shenandoah, Texas." Plaintiff's Orig. Pet., ¶ 3. Upon information and belief, there are no members of Plaintiff that are citizens of Arkansas, Arkansas is not Plaintiff's principal place of business, and as such, Plaintiff is not domiciled or a citizen of Arkansas. *See* 28 U.S.C. § 1332(c)(1).
>
> Defendant Blackhive Corporation, Inc. is an Arkansas corporation with its principal place of business in Washington County, Arkansas. Defendant Blackhive Corporation, Inc. is not a citizen of Texas or Delaware.
>
> Because Plaintiff is a Delaware LLC with no Arkansas citizen members and is alleged to be headquartered in Texas, and Defendant is a citizen of the State of Arkansas, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

Dkt. No. 1, ¶¶ 10-12.

As these allegations reflect, jurisdiction under Section 1332 requires that each plaintiff's citizenship be diverse from each defendant's citizenship. *See* 28 U.S.C. § 1332(a).

"[W]hen jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

And, because the citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), "[a]t the pleading stage, the party invoking [a federal] court's jurisdiction must [distinctly and affirmatively] allege the citizenship of each LLC's members," *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 296 (5th Cir. 2025) (published order) (citations omitted).

To do so requires identifying each member and sub-member and, as to each of those, identifying that member's or sub-member's identity and citizenship. *See, e.g.*, *Phillips N. Am. LLC v. U.S. Auto. Ass'n*, No. 3:25-cv-1210-BN, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025) ("For all LLCs in this action, Phillips must identify each member and their citizenship, through every layer. The Court reminds Phillips that, if any LLC member is a natural person, 'citizenship and residence, as often declared by this court, are not synonymous terms.' *Robertson v. Cease*, 97 U.S. 646, 648 (1878). 'For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home.' *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S. 561, 568-69 (1915)); *accord Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) ('Domicile requires the demonstration of two factors: residence and the intention to remain.').").

Blackhive has not done that – but has instead alleged that, "[u]pon information and belief," "no members of [Plaintiff Verax Commodities, LLC] are citizens of" the state where Blackhive alleges it is a citizen – a manner of pleading that courts have repeatedly held does not allege citizenship under Section 1332 distinctly and affirmatively. *See, e.g.*, *Birdow v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-cv-2165-B, 2021 WL 5448973, at *4 (N.D. Tex. Nov. 22, 2021) ("[T]he Court disagrees that State Farm has distinctly and affirmatively alleged its citizenship under the appropriate test. Specifically, State Farm's negative allegation that its underwriters are not Texas citizens does not qualify as a distinct and affirmative allegation of citizenship."

(cleaned up; collecting cases)).

And, so, the undersigned questions whether the Court possesses subject matter jurisdiction (or the power) to rule on the Blackhive's motion to dismiss referred to the undersigned – or at least Blackhive has yet to carry its burden to show so.

But remand is not required if Blackhive is able to amend its notice of removal "to set forth more specifically the jurisdictional grounds for removal." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

In the meantime, Verax must file a written response to the Motion accompanied by or incorporating a brief that together does exceed 30 pages in length, excluding any table of contents and table of authorities, by **March 25, 2026**. And Blackhive may reply brief not exceeding 15 pages in length by **April 9, 2026**.

But no supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the Motion or the response thereto without leave of court.

The failure to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f).

SO ORDERED.

DATE: February 21, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -